UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BMO BANK N.A., | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-02196-JMS-MJD |
| | ) | |
| KARDAN TRUCKING, INC. and SARVAR MURADOV, | ) | |
| | ) | |
| *Defendants.* | ) | |

## ORDER

In October 2025, Plaintiff BMO Bank N.A. ("BMO") initiated this litigation against Defendants Kardan Trucking, Inc. ("Kardan") and Sarvar Muradov related to Kardan's obligations under numerous loan agreements it entered into with BMO (the "Agreements") and related to Mr. Muradov's guaranties of Kardan's obligations (the "Guaranties"). [Filing No. 1.] On February 5, 2026, the Clerk entered default in favor of BMO and against Kardan and Mr. Muradov pursuant to Federal Rule of Civil Procedure 55(a). [Filing No. 12.] On March 11, 2026, BMO filed a Motion for Default Judgment pursuant to Fed. R. Civ. P. 55(b), [Filing No. 14], which is ripe for the Court's consideration.

## I.
### SUFFICIENCY OF SERVICE

At the outset, the Court addresses whether service of the Summons and Complaint on Kardan and Mr. Muradov was proper. As to service on Kardan, BMO filed an Affidavit of Service reflecting that it served Kardan by leaving the Summons and Complaint at Mr. Muradov's home located at 8431 Prestbury Drive, Orlando, Florida with "Naida Muradov who as Executive Officer is authorized by appointment or by law to receive service of process for [Kardan]." [Filing No. 8; Filing No. 9.] Because the Court was unable to discern whether Naida Muradov was, in fact, an

officer of Kardan such that service upon her would constitute service upon Kardan pursuant to Ind. Tr. R. 4.6(A)(1), the Court issued an Order on April 3, 2026 requiring BMO to address the sufficiency of service on Kardan.  [Filing No. 15.]

BMO subsequently filed a brief in support of its Motion for Default Judgment discussing the service issue.  [Filing No. 16.]  In its brief, BMO argues that service upon Kardan was effected by serving Naida Muradov because: (1) she "affirmatively identified herself as able to accept service on behalf of [Kardan] as an Executive Officer"; (2) Kardan "is a defunct and dissolved corporation," and this status "relaxes the technical requirements for service and requires only that service be reasonably calculated to provide notice"; (3) a corporation can be served by serving a proper representative, and that individual can be served by leaving a copy of the summons and complaint at his or her dwelling house or usual place of abode under Ind. Tr. R. 4.1 and 4.6(B); (4) by accepting service and "representing her authority to do so as an executive officer of [Kardan], Naida Muradov became [BMO's] agent for purposes of effectuating service upon [Kardan]" under Ind. Tr. R. 4.16(A); and (5) in any event, under Ind. Tr. R. 4.15(F), "technical defects in service should not defeat an action where the defendant had a reasonable opportunity to receive notice."  [Filing No. 16 at 1-5.]

The Indiana Secretary of State's website indicates that Kardan has been administratively dissolved; that its registered agent is FMG Enterprises LLC with an address of 8520 Allison Pointe Blvd., 220, Castleton, IN 46250; and that its President was Sarvar Muradov with an address of 8431 Prestbury Drive, Orlando, FL 32832.  *See* http://www.inbiz.in.gov.  BMO first tried serving Kardan through its registered agent at the Allison Pointe address, but the process server was informed that the registered agent no longer maintained an office at that address.  [Filing No. 16-1 at 1-2.]  It then served the documents on Naida Muradov at the Prestbury Drive address in

Orlando, Florida.  [Filing No. 16-1 at 2.]  The Court finds that serving Naida Muradov at the Prestbury Drive address, which is Mr. Muradov's home, constituted proper service on Kardan. *See, e.g.*, *Munster v. Groce*, 829 N.E.2d 52, 62-63 (Ind. Ct. App. 2005) ("[I]n the case of a dissolved corporation, it is appropriate to serve process upon a former director of the corporation at the time of its dissolution," and while generally "service cannot knowingly be made at the person's dwelling house or place of abode," "[t]his restriction…clearly is inapplicable in the case of a corporation…that is no longer functioning and, a fortiori, no longer has a business address."). Whether or not Naida Muradov was actually an officer of Kardan, service on Kardan by leaving a copy of the Summons and Complaint with her — Mr. Muradov's spouse — was proper because it also constituted service on Mr. Muradov, Kardan's President, who could accept service on behalf of Kardan.  *See* Ind. Tr. R. 4.1(A)(3) (service on individual can be made by "leaving a copy of the summons and complaint at his dwelling house or usual place of abode"); Ind. Tr. R. 4.6(A) and (B) (organization can be served by serving an executive officer "in the manner provided by these rules for service upon individuals").

Additionally, service on Mr. Muradov himself was proper.  BMO left a copy of the Summons and Complaint with Naida Muradov – Mr. Muradov's spouse – at the Prestbury Drive address, which is the Muradovs' home.  *See* Ind. Tr. R. 4.1(A)(3).

In sum, the Court finds that BMO properly served both Kardan and Mr. Muradov.

## II.
### MOTION FOR DEFAULT JUDGMENT

Because Kardan and Mr. Muradov have not answered or otherwise pled to the Complaint, the Court must accept the Complaint's allegations as true.  Based on the Complaint's allegations, [Filing No. 1], BMO's Motion for Default Judgment, [Filing No. 14], and the evidence it submitted in support of its motion, [Filing No. 14-1], the Court **GRANTS** BMO's Motion for Default

Judgment, [14], to the extent that it awards the following against Kardan and Mr. Muradov, jointly

and severally:

- **$296,153.99** in damages under the Agreements entered into between BMO and Kardan and the Guaranties made by Mr. Muradov, with interest of **$137.69 per diem** accruing from September 17, 2025 to the date of the entry of Final Judgment; and

- Attorneys' fees and costs that BMO has incurred in the prosecution of this case.

BMO shall file a motion for attorneys' fees and costs with supporting documentation, which sets

forth the specific amounts it seeks, within **14 days** of the entry of this Order.[1]

The Court also enters an **ORDER OF POSSESSION** in favor of BMO and against

Kardan as follows:

- BMO is lawfully entitled to immediate possession of the following (the "Collateral"):

  o 2021 Freightliner Cascadia Series Tractor, VIN 3AKJHHDR0MSME8272;

  o 2021 Freightliner Cascadia Series Tractor, VIN 3AKJHHDRXMSME8263;

  o 2022 Western Star 4900 Tractor, VIN 5KJJBWDR4NLNL3357; and

  o 2023 Western Star 49X Tractor, VIN 5KJJBWDR2PLNM3744;

- Kardan and any of its responsible managing agents, officers, directors, or employees, including specifically Sarvar Muradov, and any person or entity in active concert or participation with Kardan having actual notice of this Order by personal service or otherwise, are hereby enjoined and restrained as follows: (1) from transporting, using, pledging, selling, transferring, or disposing of the Collateral either in the operation of the business of Kardan or otherwise, except as may be necessary to move or transport the Collateral in order to comply with this Order; and (2) restricting, limiting, or conditioning either the access of BMO to the Collateral, or BMO's ability to take possession of the Collateral;

---

[1] The Court is mindful that BMO may incur additional attorneys' fees and costs in pursuing enforcement of this Order. If that is the case, BMO may seek additional attorneys' fees and costs through a post-judgment motion. To the extent the deadlines set forth in Fed. R. Civ. P. 54(d) and S.D. Ind. L.R. 54-1 apply to such a motion, the Court **STAYS** those deadlines to allow the filing of a motion seeking attorneys' fees and costs incurred post-judgment.

- Kardan and any of its responsible managing agents, officers, directors, or employees, including specifically Sarvar Muradov, and any person or entity in active concert or participation with Kardan having actual notice of this Order by personal service or otherwise, are hereby required to: (1) contact BMO's representative, Tina Mullinex (phone 319-832-3554; e-mail tina.mullinex@bmo.com) by the end of the next business day after receiving notice of this Order and disclose the precise location of the Collateral; and (2) by the end of the second business day after receiving notice of this Order, surrender the Collateral in their possession, custody, or control to BMO at one or more locations to be designated by BMO and take all actions necessary to allow BMO to obtain access to and possession of the Collateral, including terminating sub-leases, if any, and obtaining the Collateral from any third parties who may have possession, custody, or control over the Collateral;

- Kardan shall immediately notify all of its responsible managing agents, officers, directors, and employees of the entry of this Order; and

- Upon the request of BMO, the United States Marshals Service where the Collateral may be situated, or any duly authorized representative(s) of the same, is directed to seize the Collateral by any and all legal means.

The Court further **ORDERS** as follows:

- BMO shall credit the net proceeds of any disposition of the Collateral to the judgment amount set forth above in a manner consistent with the Agreements (as defined in the Complaint). Kardan and Mr. Muradov shall remain liable for money damages up to the amount of any deficiency remaining after such disposition(s);

- This is a final Order, the terms of which are effective immediately; and

- BMO shall promptly serve a copy of this order on Kardan and Mr. Muradov.

## III.
### CONCLUSION

For the foregoing reasons, and as set forth above, the Court **GRANTS** BMO's Motion for Default Judgment. [14.] Final Judgment consistent with this Order shall enter accordingly.[2]

SO ORDERED.

Date: 4/29/2026

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

---

[2] Although BMO may seek attorneys' fees and costs, the Court will enter Final Judgment contemporaneously with this Order. *See* Fed. R. Civ. P. 58(e) ("[T]he entry of final judgment may not be delayed…in order to tax costs or award fees.").

**Distribution via ECF to all counsel of record**

**Distribution via United States Mail to:**

Kardan Trucking, Inc.
8520 Allison Pointe Boulevard
Suite 220
Indianapolis, IN 46250

Kardan Trucking, Inc.
8431 Prestbury Dr.
Orlando, FL 32832

Sarvar Muradov
8431 Prestbury Dr.
Orlando, FL 32832